UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

RONNA JOHNSON,

 Plaintiff,

v.

NCL (BAHAMAS) LTD., a Bermuda
corporation d/b/a NORWEGIAN CRUISE LINES,

 Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff RONNA JOHNSON, a Maryland citizen and resident, sues Defendants NCL (BAHAMAS) LTD., a Bermuda corporation with its principal place of business in Florida, doing business as NORWEGIAN CRUISE LINES, and alleges:

## JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff RONNA JOHNSON is sui juris and is a resident and citizen of the State of Maryland.

Johnson v. NCL (Bahamas) Ltd
CASE NO.

3.  Defendant NCL (BAHAMAS) LTD. is a Bermuda corporation with its principal place of business in Miami, Miami-Dade County, Florida. At all material times Defendant NCL (BAHAMAS) LTD. has done business under the fictitious name "NORWEGIAN CRUISE LINES." For federal jurisdictional purposes, Defendant NCL (BAHAMAS) LTD. is both a citizen of Bermuda and a citizen of Florida.

4.  Subject matter jurisdiction exists, based on diversity of citizenship pursuant to 28 U.S.C. §1332; there is complete diversity of citizenship between the parties as alleged above and the amount of damages claimed exceeds $75,000.00, the minimum jurisdictional amount required for diversity of citizenship cases.

5.  At all material times, Defendant has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that in personam jurisdiction over the Defendant exists in the United States District Court for the Southern District of Florida.

6.  At all material times, the Defendant has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

Johnson v. NCL (Bahamas) Ltd
CASE NO.

    7.    In the operative ticket contract, the Defendant requires fare paying passengers such as the Plaintiff to bring any lawsuit against the Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

    8.    Venue is also proper in this district because the Defendant's principal places of business are located within this district.

    9.    Plaintiff has complied with all conditions precedent to bringing this action.  The Plaintiff reported the accident to the ship's medical crew shortly after it occurred, and an incident report and written medical records were prepared onboard the ship.  Furthermore, the Plaintiff gave the Defendant a timely written notice of claim as required by the ticket contract; the Plaintiff's accident occurred on October 22, 2105 as alleged below, and the Plaintiff through counsel sent the Defendant a letter as a written notice of claim, within six months of the incident as required.  A copy of the notice letter is attached as Exhibit 1.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

Johnson v. NCL (Bahamas) Ltd
CASE NO.

## **LIABILITY AND DAMAGE ALLEGATIONS**

10. At all material times, the Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the M/S "NORWEGIAN GETAWAY."

11. At all material times, including the accident date of October 22, 2015 the Plaintiff was a fare paying passenger aboard the M/S NORWEGIAN GETAWAY and in that capacity was lawfully present aboard the vessel.

12. At all material times, the Defendants owed the Plaintiff, as a fare paying passenger aboard its cruise vessel, a duty of reasonable care for her safety.

13. On or about October 22, 2015, while aboard the M/S NORWEGIAN GETAWAY as a fare paying passenger, the Plaintiff was walking in or near the Garden Cafe on Deck 15 of the vessel.

14. At the time and place referred to in the preceding paragraph, the Plaintiff traversed an area in or near the Garden Cafe that was slippery due to the presence of a wet or slippery foreign substance, slipped, and fell.

15. The slippery or wet foreign substance on the walkway, in the area where the Plaintiff fell, had existed for a sufficient period of time before the

Johnson v. NCL (Bahamas) Ltd
CASE NO.

Plaintiff's accident that the Defendants had constructive knowledge of its presence and an opportunity to correct or warn of it, or knew or should have known in the exercise of reasonable care that the foreign substance posed a slip and fall hazard to passengers in the subject area.

16.  As an alternative to the allegations in the preceding paragraph, the Defendants at all material times, had actual knowledge of the presence of a wet or slippery foreign substance on the area of the area where the Plaintiff slipped and fell, and knew or should have known in the exercise of reasonable care that the foreign substance posed a slip and fall hazard to passengers in the subject area.

17.  As an alternative to the allegations in the preceding paragraph, the Defendants at all material times, had actual or constructive knowledge of the potential for the presence of a wet or slippery foreign substance in the area where the Plaintiff slipped and fell, and knew or should have known in the exercise of reasonable care that the a wet or foreign substance posed a slip and fall hazard to passengers in the subject area.

18.  Notwithstanding their actual or constructive notice of the slippery or wet foreign substance in the subject area, and consequent slip and fall hazard to

Johnson v. NCL (Bahamas) Ltd
CASE NO.

passengers, the Defendants failed to correct or warn, of the condition before Plaintiff's accident, of the dangerous condition created by the substance. The Defendants thereby failed to exercise reasonable care for the safety of its passengers and were negligent.

19. Alternatively, notwithstanding their actual or constructive notice of the potential for a slippery or wet foreign substance in the subject area, and consequent slip and fall hazard to passengers, the Defendant failed to correct or warn, of the condition before Plaintiff's accident, of the dangerous condition created by the substance. The Defendants thereby failed to exercise reasonable care for the safety of its passengers and were negligent.

20. At all material times, at the time and place referred to in the preceding paragraph, the Plaintiff traversed an area in or near the Garden Cafe that was in a high traffic area on the vessel so that the Defendants knew or should have known of the likelihood of the presence of a wet or slippery foreign substance, but failed to undertake reasonable safety measures for passenger safety.

21. The Defendants' negligent acts or omissions consist of or more of the following:

Johnson v. NCL (Bahamas) Ltd
CASE NO.

  a. Failing to maintain the floor in a reasonably safe condition;

  b. Failing to use safe flooring surfaces, and materials including in and around the area where Plaintiff fell.

  c. Failing to conduct routine inspections of the area where Plaintiff fell for slipperiness or contaminants;

  d. Failing to establish, implement, and enforce policies and procedures regarding cleaning and maintenance of the area where Plaintiff fell;

  e. Failing to warn Plaintiff that the area where she fell was slippery and or dangerous;

  f. Failing to correct the wet, slippery, or foreign substance;

  g. Failing to warn Plaintiff of the slippery nature of the floor surface when contaminated by a wet or foreign substance;

  h. Failing to adequately mark off the area where Plaintiff fell from the wet, slippery, or foreign substance;

  i. Failing otherwise to exercise reasonable care in managing and operating the restaurant on the subject vessel where the accident occurred;

Johnson v. NCL (Bahamas) Ltd
CASE NO.

  j. Additional acts of negligence not yet discovered;

  22. As a direct and proximate result of the slip and fall described above and hence of the Defendant's negligence, the Plaintiff was injured in and about her body and extremities, suffered pain there from, sustained mental anguish, sustained disfigurement, disability and the inability to lead a normal life. Furthermore, she sustained loss of earnings and earning capacity in the past and future, and incurred medical, hospital, and other out of pocket and health care expenses as a result of her injuries.  These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

  **WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

Johnson v. NCL (Bahamas) Ltd
CASE NO.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 17th day of May, 2016.

                                            *s/NICHOLAS I. GERSON*
                                            PHILIP M. GERSON
                                            Florida Bar No. 127290
                                            pgerson@gslawusa.com
                                            filing@gslawusa.com
                                            NICHOLAS I. GERSON
                                            Bar Number No. 0020899
                                            ngerson@gslawusa.com
                                            ibrito@gslawusa.com
                                            GERSON & SCHWARTZ, P.A.
                                            Attorneys for Plaintiffs
                                            1980 Coral Way
                                            Miami, Florida 33145
                                            Telephone:   (305) 371-6000
                                            Facsimile:   (305) 371-5749